POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for Pheiffer*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD M. MONTAG, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>VOLKSWAGEN AG, VOLKSWAGEN GROUP OF AMERICA, INC., SCOTT KEOGH, and MARK GILLIES,<br><br>        Defendants. | Case No. 2:21-cv-03678-MCS-AS<br><br>REPLY MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF BETTY JO PHEIFFER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION<br><br>DATE:  August 2, 2021<br>TIME:  9:00 a.m.<br>JUDGE:  Mark C. Scarsi<br>CTRM:  7C (1st Street Courthouse) |

REPLY MEMORANDUM OF POINTS AND AUTHORITIES - 2:21-cv-03678-MCS-AS

Movant Pheiffer[1] respectfully submits this reply in further support of her motion for appointment as Lead Plaintiff and approval of her selection of Pomerantz as Lead Counsel (Dkt. No. 12); and in opposition to the request of competing movant Gerald M. Montag ("Montag") for appointment as Co-Lead Plaintiff alongside Pheiffer and approval of his counsel as Co-Lead Counsel alongside Pomerantz (Dkt. No. 16).

## I.    PRELIMINARY STATEMENT

This Action is a putative class action securities fraud lawsuit on behalf of investors in Volkswagen securities.  As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant with the largest financial interest in the outcome of the Action; and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is Pheiffer.  Pheiffer has alleged a loss of $912 in connection with her Class Period purchases of Volkswagen securities, whereas Montag, the only competing movant, has alleged a significantly smaller loss of only $357.  Accordingly, Pheiffer has the largest financial interest in this litigation.

---

[1] All capitalized terms herein are defined in Pheiffer's moving brief, unless otherwise specified.  *See* Dkt. No. 13.

Pheiffer also satisfies the typicality and adequacy requirements of Rule 23. Pheiffer, like all members of the Class, purchased Volkswagen securities at prices artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations or omissions. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class's claims, satisfy the requirements of Rule 23. *Vataj v. Johnson*, 19-CV-06996-HSG, 2020 WL 532981, at *3 (N.D. Cal. Feb. 3, 2020). Pheiffer's losses gives her a sufficient stake in this litigation's outcome to ensure vigorous prosecution; she is aware of no conflict between her interests and those of the putative Class; and in Pomerantz, Pheiffer has retained qualified and experienced class counsel. *Karinski v. Stamps.com, Inc.*, CV 19-1828-R, 2019 WL 8013753, at *1 (C.D. Cal. June 5, 2019); *Harari v. PriceSmart, Inc.*, 19-CV-958 JLS (LL), 2019 WL 4934277, at *3 (S.D. Cal. Oct. 7, 2019).

Montag has not opposed Pheiffer's appointment, but merely requests that the Court appoint him and his chosen counsel, The Rosen Law Firm, P.A. ("Rosen"), as Co-Lead Plaintiff and Co-Lead Counsel, respectively, alongside Pheiffer and Pomerantz. Yet courts in the Ninth Circuit generally decline to appoint groups of investors as Co-Lead Plaintiffs. *See*, *e.g.*, *In re Gemstar-Tv Guide Int'l Sec. Litig.*, 209 F.R.D. 447, 450-51 (C.D. Cal. 2002); *Schriver v. Impac Mortg. Holdings, Inc.*, Nos. SACV 06-31 CJC (RNBx) *et al.*, 2006 U.S. Dist. LEXIS 40607, at *29-*30 (C.D. Cal.

May 1, 2006).  This judicial preference against investor groups is particularly strong where, as here, one member of the unilaterally proposed group (Pheiffer) does not wish to serve as a Co-Lead Plaintiff alongside the other (Montag).  *Mullen v. Wells Fargo & Co.*, Nos. C 20-07674 WHA *et al.*, 2021 U.S. Dist. LEXIS 48402, at \*12 (N.D. Cal. Mar. 15, 2021) (denying unilateral request for appointment as co-lead plaintiff alongside another movant seeking appointment as sole lead plaintiff).

Accordingly, for the reasons set forth herein and in her moving brief (Dkt. No. 13), Pheiffer respectfully requests that the Court grant her motion in its entirety and enter an Order appointing her as sole Lead Plaintiff and approving her selection of Pomerantz as sole Lead Counsel for the Class.

## II.    ARGUMENT

### A.    PHEIFFER SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA creates a strong presumption that the Lead Plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The movant that has the largest financial interest need only make a *prima facie* showing at this stage that he or she satisfies the adequacy and typicality requirements of Rule 23.  *In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002).  Once this presumption is triggered, it may be rebutted upon proof that the presumptive Lead Plaintiff will not fairly represent

the interests of the Class.  15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).  Here, the most adequate class representative is Pheiffer.

### 1. Pheiffer Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts recognize that the amount of financial loss is the most significant factor to be considered.  *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015); *Richardson v TVIA, Inc.*, Nos. C-06-06304 RMW *et al.*, 2007 U.S. Dist. LEXIS 28406, at *11 (N.D. Cal. Apr. 16, 2007).

Under the foregoing analysis, no movant or movant group seeking appointment as lead plaintiff in the Action has alleged a larger financial interest in the litigation than Pheiffer.  The following chart summarizes Pheiffer's financial interest compared to that of Montag, the only competing movant:

| Movant | Loss |
|---|---|
| Betty Jo Pheiffer | $912 |
| Gerald M. Montag | $357 |

As shown above, Pheiffer incurred a loss of approximately $912 in connection with the fraud alleged in this Action.  Montag, meanwhile, incurred a loss of only $357,

less than 40% the size of Pheiffer's.  As such, Pheiffer clearly has the largest financial interest in this litigation—and Montag has not argued otherwise.

### 2.     Pheiffer Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Pheiffer has also made the requisite *prima facie* showing that she satisfies the typicality and adequacy requirements of Rule 23.  *See Cavanaugh*, 306 F.3d at 730-31. First, Pheiffer's claims satisfy the typicality requirement of Rule 23(a)(3) because her claims in this Action are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.  *See, e.g.*, *Vataj*, 2020 WL 532981, at *3. Second, Pheiffer satisfies the adequacy requirement of Rule 23(a)(4) because she has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.  *See, e.g.*, *Karinski*, 2019 WL 8013753, at *1; *Harari*, 2019 WL 4934277, at *3.  Montag has also not disputed Pheiffer's adequacy or typicality.

Having alleged the largest financial interest and demonstrated her typicality and adequacy under Rule 23, Pheiffer has satisfied the PSLRA's criteria for the statute's "most adequate plaintiff" presumption.  To overcome the strong presumption entitling Pheiffer to appointment as Lead Plaintiff, the PSLRA requires ***"proof"*** that the presumptive Lead Plaintiffs are inadequate.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case, nor has Montag argued otherwise.

## B.  THE COURT SHOULD DENY MONTAG'S REQUEST FOR APPOINTMENT OF CO-LEAD PLAINTIFFS AND CO-LEAD COUNSEL

Montag has not opposed Pheiffer's appointment as Lead Plaintiff on any basis, but argues instead that he should be appointed as a Co-Lead Plaintiff alongside Pheiffer, and that his chosen counsel, Rosen, should be appointed as Co-Lead Counsel alongside Pheiffer's counsel, Pomerantz. *See generally* Dkt. No. 16.  Yet courts in the Ninth Circuit generally decline to appoint co-lead plaintiffs in PSLRA actions.  *See*, *e.g.*, *Gemstar-Tv Guide Int'l*, 209 F.R.D. at 450-51 (denying motion by proposed co-lead plaintiff group, finding it was unlikely "to manage effectively this litigation") (internal quotations omitted); *Schriver*, 2006 U.S. Dist. LEXIS 40607, at *29-*30 (finding that group movant "has not made the required preliminary showing of adequacy", noting absence of "indicat[ions] how they intend to work together in the litigation to supervise their attorneys").  Given the foregoing concerns, courts are, understandably, particularly disinclined to appoint co-lead plaintiffs where only one of the proposed lead plaintiffs actually desires a co-leadership structure and the other opposes it.  *See Mullen*, 2021 U.S. Dist. LEXIS 48402, at *12 (denying a movant's unilateral request for appointment as co-lead plaintiff alongside movant seeking appointment as sole lead plaintiff).

Here, Pheiffer and Montag have no pre-litigation relationship.  They each initially sought appointment as Lead Plaintiff separately.  Montag now seeks appointment as a Co-Lead Plaintiff alongside Pheiffer, only because, lacking the largest financial interest

in this litigation, he cannot individually meet the PSLRA's "most adequate plaintiff" criteria. Pheiffer, for her part, continues to seek appointment only as sole Lead Plaintiff, and respectfully requests that the Court decline to grant Montag's unilateral request for appointment of Co-Lead Plaintiffs and Co-Lead Counsel in this Action.

## III.  CONCLUSION

For the foregoing reasons, Pheiffer respectfully requests that the Court issue an Order: (1) appointing Pheiffer as sole Lead Plaintiff for the Class; and (2) approving Pomerantz as sole Lead Counsel for the Class.

Dated:  July 14, 2021                               POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Pheiffer and Proposed Lead
Counsel for the Class*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Pheiffer*

CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


*/s/ Jennifer Pafiti*
Jennifer Pafiti