UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| GERALD M. MONTAG, | Case No. 2:21-cv-03678-MCS-AS |
|---|---|
| Plaintiff, | **ORDER RE: MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL (ECF NOS. 9, 12)** |
| v. | |
| VOLKSWAGEN AG et al., | |
| Defendants. | |

Plaintiff Gerald M. Montag brings this securities class action individually and on behalf of others who acquired publicly traded Volkswagen securities between March 29 and March 30, 2021. (Compl. ¶ 1, ECF No. 1.) Gerald M. Montag and Betty Jo Pheiffer both filed motions for appointment as lead plaintiff and approval of counsel. (Montag Mot., ECF No. 10; Pheiffer Mot., ECF No. 13.)[1] Montag responded to Pheiffer's motion, and Pheiffer filed a reply. (Resp., ECF No. 16; Reply, ECF No. 17.)[2]

---

[1] Given the nature of the motions, the Court excuses the movants from the prefiling conference requirement of Local Rule 7-3.

[2] Montag filed a further response in which he accuses Pheiffer of filing an untimely opposition brief. (Further Resp., ECF No. 18.) Pheiffer's brief is styled as a reply and responds to arguments in Montag's response to her motion. (*See generally* Reply.) She filed her reply early and timely. *See* C.D. Cal. R. 7-10. Instead, Montag's further

1

The Court deems the motions appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. The Court takes off calendar the hearing on the motion set for August 2, 2021.

## I. BACKGROUND

According to the Complaint, on March 29 and 30, Defendant Volkswagen of America published press releases announcing, and news agencies reported, that Volkswagen would change its name to "Voltswagen" to reflect its investment in electric vehicles. (Compl. ¶¶ 17–22.) Soon thereafter, news outlets reported that the purported name change was an early April Fools' Day hoax. (*Id.* ¶¶ 23–25.) "On this news, Volkswagen ADRs fell $2.14 per ADR, or over 5%, over the next two trading days, to close at $35.58 per share on April 1, 202[1], damaging investors." (*Id.* ¶ 26.) The Complaint asserts claims under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and Rule 10b-5 promulgated by the Securities and Exchange Commission, 17 C.F.R. § 240.10b-5. (*Id.* ¶¶ 37–52.)

## II. LEGAL STANDARD

The Private Securities Litigation Reform Act ("PSLRA") applies "in each private action arising under this chapter that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). The PSLRA requires courts to consider motions made by purported class members and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *Id.* § 78u-4(a)(3)(B)(i). The PSLRA "provides a simple three-step process for identifying the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

First, the first plaintiff to file an action must post a notice "publicizing the pendency of the action, the claims made and the purported class period." *Id.* (citing 15

---

response is better characterized as an unauthorized surreply. *Id.* (forbidding responses to reply briefs). On this basis, the Court strikes Montag's further response.

U.S.C. § 78u-4(a)(3)(A)). The notice must be published "in a widely circulated national business-oriented publication or wire service," 15 U.S.C. § 78u-4(a)(3)(A)(i); provide advise members of the pendency of the action, the claims, and the class period, *id.* § 78u-4(a)(3)(A)(i)(I); and state that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class," *id.* § 78u-4(a)(3)(A)(i)(II). Second, the Court must select the "most adequate plaintiff," who is presumptively the movant who "has the largest financial interest in the relief sought by the class" and who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In this inquiry, courts analyze the typicality and adequacy requirements of Rule 23(a). *In re Cavanaugh*, 306 F.3d at 730. Third, the Court must "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id*. (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

The PSLRA further provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009).

### III. DISCUSSION

Appointing Pheiffer as lead plaintiff and approving her counsel is appropriate.

#### A. Notice of Pendency of the Action

Notice is proper. Montag initiated this action on April 30, 2021, and notice of the action was published in *Business Wire* on the same day. (Compl.; Rosen Decl. Ex. 1, ECF No. 11-1.) The notice specifies the class period and the statements giving rise to the claims, and warns potential lead plaintiffs that any motion for appointment must be filed by June 29, 2021. (Rosen Decl. Ex. 1.) The *Business Wire* publication satisfies the notice requirement. *See Fragala v. 500.com Ltd.*, No. CV 15-01463 MMM (Ex), 2015

U.S. Dist. LEXIS 188276, at *17–19 (C.D. Cal. July 7, 2015) (collecting cases determining that publication in *Business Wire* provided satisfactory notice).

### B. Presumptively Most Adequate Plaintiff

Montag and Pheiffer both timely filed motions for appointment sixty days after publication of the notice. Montag submitted a shareholder certification and loss chart showing he purchased 200 shares during the class period and suffered $357.01 in losses. (Rosen Decl. Ex. 2, ECF No. 11-2; *id.* Ex. 3, ECF No. 11-3.) Pheiffer submitted a shareholder certification and loss chart showing she purchased 411 shares during the class period and suffered $912 in losses. (Pafiti Decl. Ex. A, ECF No. 14-1; *id.* Ex. C, ECF No. 14-3.) Pheiffer suffered the greater financial loss and has the larger financial interest in the relief sought. *See Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (observing that "the approximate losses suffered" is the factor "most determinative in identifying the plaintiff with the largest financial loss").

Pheiffer meets the typicality and adequacy requirements of Rule 23(a). At the appointment stage, "[a] movant need only make a preliminary showing that the adequacy and typicality requirements are met." *Pino v. Cardone Cap., LLC*, No. 2:20-cv-08499-JFW (KSx), 2020 U.S. Dist. LEXIS 240317, at *8 (C.D. Cal. Dec. 18, 2020) (internal quotation marks omitted) (collecting cases). Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The typicality requirement is satisfied when the putative lead plaintiff has suffered the same injuries as absent class members as a result of the same conduct by the defendants." *Mullen v. Wells Fargo & Co.*, Nos. C 20-07674 WHA, C 20-07997 WHA, 2021 U.S. Dist. LEXIS 48402, at *10 (N.D. Cal. Mar. 15, 2021) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Here, Pheiffer acquired Volkswagen securities during the class period, alleges that Volkswagen's false or misleading statements artificially inflated the price, and contends she was damaged by these statements. (Pheiffer Mot. 11; *see* Pafiti Decl. Ex. D ¶¶ 4, 7, ECF No. 14-4.) Pheiffer meets the typicality requirement.

Adequacy requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The two key inquiries are (1) whether the representative and counsel have conflicts of interest with other class members and (2) whether the representative and counsel will prosecute the action vigorously on behalf of the class. *Mullen*, 2021 U.S. Dist. LEXIS 48402, at *11 (citing *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011)). Here, there are no apparent conflicts between Pheiffer and unnamed class members, and the Court has no reason to think that Pheiffer and her counsel's interests are antagonistic to the interests of other class members based on the record before the Court. Pheiffer declares under penalty of perjury that she is willing to serve as a representative of the proposed class and desires to achieve the best possible result in prosecuting the case, and her losses provide a sufficient interest in the outcome of the case to ensure vigorous advocacy. (Pafiti Decl. Ex. A; *id.* Ex. D ¶¶ 2–9.) *See Fragala*, 2015 U.S. Dist. LEXIS 188276, at *30 ("[T]he court's finding that Liu suffered the largest single loss of any plaintiff indicates that he will be an adequate class representative."). As discussed below, Pheiffer's counsel is apparently qualified and competent given the firm's experience as lead counsel in other securities fraud class actions. (*See, e.g.*, Pafiti Decl. Ex. E, at 2–7, ECF No. 14-5.) Pheiffer meets the adequacy requirement. The Court concludes that Pheiffer is presumptively the most adequate plaintiff.

### C. Rebuttal of Presumption

In his response to Pheiffer's motion, Montag does not contest that Pheiffer satisfies Rule 23's typicality and adequacy requirements. (*See generally* Resp.) The Court deems Montag's failure to challenge the presumption as his concession that Pheiffer is the most adequate plaintiff.

### D. Appointment of Co-Lead Plaintiffs

Montag asks that the Court appoint him and Pheiffer as co-lead plaintiffs. He argues that, because both movants suffered modest losses, both should share the lead plaintiff responsibility. (Resp. 3–4.) Pheiffer opposes the request. (Reply 6–7.)

"Small, cohesive groups . . . are routinely appointed as Lead Plaintiff in securities actions when they have shown their ability to manage the litigation effectively in the interests of the class without undue influence of counsel." *Johnson v. OCZ Tech. Grp., Inc.*, No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610, at *8 (N.D. Cal. Jan. 4, 2013). Courts generally do not appoint co-lead plaintiffs if the parties are unrelated and do not have a meaningful relationship preceding the litigation. *See, e.g.*, *Mullen*, 2021 U.S. Dist. LEXIS 48402, at *12; *In re Gemstar-TV Guide Int'l Sec. Litig.*, 209 F.R.D. 447, 450–51 (C.D. Cal. 2002). "[A]ppointing a disparate, unrelated group . . . would encourage lawyers to direct the litigation, as opposed to allowing plaintiffs to seek out the lawyers as the PSLRA intended." *Mullen*, 2021 U.S. Dist. LEXIS 48402, at *12 (citing H.R. Conf. Rep. No. 104-369, at 35 (1995)). "Courts are wary of imposing forced marriages between different law firms, particularly where . . . there is no demonstrable need for more than one law firm to represent the class." *Pino*, 2020 U.S. Dist. LEXIS 240317, at *12 (internal quotation marks and alterations omitted).

Pheiffer has no prelitigation relationship with Montag, separately sought appointment as lead plaintiff, and opposes Montag's request for co-lead status. (Reply 6–7.) Montag has not established how two individuals represented by two different firms would effectively manage the litigation without undue influence of counsel, and he does not identify any case in which a court appointed co-lead plaintiffs over the most adequate plaintiff's objection. The Court denies his request to be appointed co-lead plaintiff. *Pino*, 2020 U.S. Dist. LEXIS 240317, at *12–15 (rejecting arguments similar to those Montag asserts here).

Based on the foregoing, the Court appoints Pheiffer as lead plaintiff.

E. **Approval of Lead Counsel**

Pheiffer selected Pomerantz LLP as her counsel. (Pafiti Decl. Ex. D ¶¶ 1, 10–11.) Pomerantz LLP has significant experience in securities class actions. (*Id.* Ex. E.) Pheiffer made a "reasonable choice of counsel," so the Court will "defer to that choice." *Cohen*, 586 F.3d at 712.

The Court approves Pomerantz LLP as counsel.

## IV. CONCLUSION

The Court grants Pheiffer's motion and denies Montag's motion. Pheiffer is appointed as lead plaintiff, and Pomerantz LLP is approved as counsel.

**IT IS SO ORDERED.**

Dated: July 21, 2021

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE