UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD M. MONTAG,<br><br>Plaintiff,<br><br>v.<br><br>VOLKSWAGEN AG et al.,<br><br>Defendants. | Case No. 2:21-cv-03678-MCS-AS<br><br>**ORDER DISMISSING ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)** |

The Court ordered Lead Plaintiff Betty Jo Pheiffer to show cause why the action should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve any Defendant within the extended time allotted for service. (2d OSC, ECF No. 32.) Pheiffer filed a response. (2d OSC Resp., ECF No. 39.) Having considered the response, the Court dismisses the action for failure to timely serve the summons and complaint.

**I.   BACKGROUND**

Plaintiff Gerald M. Montag initiated this case on April 30, 2021, over four months ago. (*See* Compl., ECF No. 1.) The Court appointed Pheiffer as lead plaintiff on July 21, 2021. (Order Re: Mots. For Appointment, ECF No. 19.) On July 31, 2021, the Court ordered Pheiffer to show cause why the action should not be dismissed for failure to

complete service on any Defendant within 90 days of the filing of the Complaint. (1st OSC, ECF No. 20.) In response, Pheiffer represented that she was in contact with counsel for Defendants shortly after initiating efforts to serve them, and that Defendants had agreed to accept service. (1st OSC Resp., ECF No. 25.) Good cause appearing, the Court extended the time to complete service to August 30, 2021. (Order Re: Resp. to OSC, ECF No. 29.)

Pheiffer did not file proof of service by the extended deadline. On August 31, 2021, the Court again ordered Pheiffer to show cause why the action should not be dismissed for failure to meet the deadline to complete service. (2d OSC.) In response, Pheiffer indicated she secured and filed waivers of service of summons on September 14, 2021. (2d OSC Resp.) The waivers indicate she sent requests for waiver on September 9, 2021. (Waiver of Service of Summons, ECF Nos. 35–38.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) provides that, if service of the summons and complaint is not made upon a defendant within 90 days of the filing the operative complaint, courts have authority to dismiss an action without prejudice after giving notice to the plaintiff. *See Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (requiring notice before dismissal). If a plaintiff shows good cause for the failure to serve the complaint within that period, the Court must extend the time for accomplishing service. Fed. R. Civ. P. 4(m). Plaintiff bears the burden of establishing good cause. *See Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).

The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of governing rules alone." *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992). A party may establish good cause "by establishing, at minimum, excusable neglect. In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely

2

prejudiced if his complaint were dismissed." *Lemoge v. United States*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009) (citation and internal quotation marks omitted).

**III. DISCUSSION**

Pheiffer presents no explanation, let alone a showing of excusable neglect, supporting her failure to complete service between the time the Court extended the deadline to complete service and the extended deadline. (*See* 2d OSC Resp.) The record before the Court presents an inference that any neglect is inexcusable: Pheiffer was in contact with counsel for Defendants weeks before the extended service deadline. (*See* 1st OSC Resp.) The record presents no justification for Pheiffer's failure to promptly effect service or procure a waiver of service immediately upon making contact with defense counsel, especially given that she purportedly secured Defendants' agreement to accept service weeks before the deadline, and that the Court previously raised concerns over the service deadline. (*See* 1st OSC; 1st OSC Resp.) Through its orders to show cause, the Court provided Pheiffer clear warnings that it expected compliance with the deadline. In flagrant disregard of these warnings, Pheiffer declined to send waivers of service to Defendants until September 9, 2021—9 days after the Court issued its second order to show cause, 10 days after the service deadline, and 24 days after Pheiffer represented to the Court that Defendants had agreed to accept service. For these reasons, Pheiffer has not presented good cause for her failure to serve Defendants by August 31, 2021.

The Court also declines to exercise its discretion to retroactively extend the service deadline on its own motion. "District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw*, 473 F.3d at 1041. Courts consider "factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service" in deciding whether to grant discretionary extensions. *Id.* (internal quotation marks omitted). Several factors favor exercising discretion—Defendants have actual notice of the lawsuit, there is no apparent prejudice to Defendants, and Pheiffer eventually filed waivers of service. On the other hand, the statute of limitations on

3

Pheiffer's claims has not elapsed. Further, the Court refuses to condone Pheiffer's clear disregard of the service deadline in the face of the Court's express concerns over an "unhurried pace of litigation." (Order Re: Resp. to OSC 1; *see also* 1st OSC; 2d OSC.) The Court infers from the record that Pheiffer had a dilatory motive in declining to formally serve Defendants within the allotted time despite her contact with defense counsel. The Federal Rules of Civil Procedure set reasonable time limits on filing amended complaints and responses to complaints, but those deadlines do not trigger until a defendant is served. *E.g.*, Fed. Rs. Civ. P. 12(a)(1)(A), 15(a)(1)(A). The parties twice stipulated to a protracted schedule to file an amended complaint and a response thereto. (*See* 1st Stip., ECF No. 28; 2d Stip., ECF No. 30; *see also* 2d OSC Resp. 3 (indicating the parties *again* intended to stipulate to an overlong Rule 12 motion briefing schedule).) The Court surmises that Pheiffer elected not to formally serve Defendants in order to avoid triggering the Rules' shorter deadlines. (*See* 2d OSC Resp. 3 (indicating Pheiffer intended to file an amended complaint by October 4—a date the parties previously proposed for its filing, and a date the Court rejected as too unhurried).)

Accordingly, the Court must dismiss the action without prejudice. Fed. R. Civ. P. 4(m).

## IV. CONCLUSION

The Court dismisses the action without prejudice for failure to timely serve process pursuant to Federal Rule of Civil Procedure 4(m). The Clerk is directed to enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: September 16, 2021

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE